**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re NATIONAL CITY CORPORATION SECURITIES, DERIVATIVE & ERISA LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2003 Case No. 1:08-nc-70000-SO Judge Solomon Oliver, Jr. |
| This document is applicable to: *Tharp v. National City Corp., et al.* Case No. 1:08-nc-70014-SO | | |

**THE THARP GROUP'S NOTICE OF MOTION AND
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

**TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that James and Caroline Tharp and Thomas O'Rourke (collectively "The Tharp Group" or "Movant") hereby move this Court for an Order appointing The Tharp Group as Lead Plaintiff and Johnson Bottini, LLP as Lead Counsel. The Motion will be heard before the Honorable Solomon Oliver, Jr., in the United States District Court, Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio 44113-1838.

This Motion is brought pursuant to § 21D of the Securities Exchange Act of 1934 on the grounds that The Tharp Group has timely filed this Motion and that The Tharp Group is the "most adequate plaintiff." In addition, The Tharp Group seeks the Court's approval of its selection of Johnson Bottini, LLP as Lead Counsel, and William J. Lucas, LPA as Liaison Counsel, pursuant to § 21D(a)(3)(B)(v) and 15 U.S.C. § 78u-4(a)(3)(B)(v).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of William J. Lucas filed herewith, the pleadings and other files herein, and such other argument as may be permitted by the Court.

## STATEMENT OF RELIEF SOUGHT

Through this Motion, Plaintiff seeks an order (1) appointing The Tharp Group as Lead Plaintiff, and (2) approving its selection of Johnson Bottini, LLP as Lead Counsel, and William J. Lucas as Liaison Counsel.

Respectfully submitted,

DATED: January 26, 2009

/s/William J. Lucas

WILLIAM J. LUCAS (0008268)

1360 West 9th Street, #200
Cleveland, OH  44113
Telephone:  (216) 771-8340
Facsimile:   (216) 522-9007

JOHNSON BOTTINI, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  (619) 230-0063
Facsimile:   (619) 233-5535

*Attorneys for Movant The Tharp Group*

## **MEMORANDUM IN SUPPORT**

### I.  INTRODUCTION

Movant The Tharp Group ("Movant" or "The Tharp Group") is comprised of individuals James and Caroline Tharp and Thomas O'Rourke) respectfully submits this Memorandum in support of its Motion for: (1) the appointment of The Tharp Group as Lead Plaintiff in this action; and (2) the approval of Johnson Bottini, LLP ("Johnson Bottini") and William J. Lucas, LPA ("Lucas") as Plaintiffs' choice of Lead Counsel and Liaison Counsel, respectively, in this action.

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), which amended the Securities Exchange Act of 1934 by adding § 21D (codified at 15 U.S.C. § 78u-4), establishes a procedure for the appointment of lead plaintiffs in private securities class actions filed after December 22, 1995. Section 21D provides, in relevant part, that, within 60 days after publication of a notice advising class members of the pendency of a securities class action, any class member may move the Court to be appointed lead plaintiff of the purported class.[1]

Section 21D(a)(3)(B) of the Exchange Act further provides that the Court shall consider any motion by a purported class member to be appointed lead plaintiff "not later than 90 days after the date on which a notice is published," or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims, and that the Court "shall appoint as lead plaintiff the member or members of the purported

---

[1]  Section 21D(a)(3) states:

(A)  Early notice to class members.
  (i)  In general.  Not later than 20 days after the date on which the Complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class --
    (I) of the pendency of the action, the claims asserted therein and the purported class period; and
    (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

plaintiff class that the court determines to be most capable of adequately representing the interests of class members. . . ." 15 U.S.C. § 78u-4(a)(3)(B).[2]

Since Movant filed the instant motion within the 60-day period prescribed by § 21D, Movant now requests that it be appointed Lead Plaintiff, and that the Court approve its selection of Johnson Bottini as Lead Counsel, and Lucas as Liaison Counsel, for the purported class.

## II. SUMMARY OF THE ACTION

This lawsuit arises out of the materially false and misleading proxy (the "Proxy") issued jointly by National City Corporation ("NCC") and The PNC Financial Services Group, Inc. ("PNC") on November 24, 2008. Complaint, ¶¶ 1, 6.[3] PNC and NCC agreed to a merger that they disclosed on October 24, 2008. ¶ 3. The abrupt sale of NCC began in mid-October when an official from the United States government told NCC that they would not receive a capital injection under the $700 billion Troubled Assets Relief Program ("TARP").[4] *Id.* Upon learning this news, PNC and NCC – specifically the directors of NCC – reached an agreement to sell NCC to PNC through an unfair process and at an unfair price. ¶¶ 1-6. In exchange for lucrative golden parachutes, broad indemnification agreements, and the likely extinguishment of liability from pending derivative claims, the Board of Directors of NCC engaged in a fire sale of NCC with a cavalier disregard for their fiduciary duties to NCC shareholders. The merger

---

[2] Movant will later file, if it is appointed lead plaintiff, a motion for class certification pursuant to Federal Rule of Civil Procedure 23. The requirements for appointment of lead plaintiff and for class certification overlap to some extent, particularly regarding the qualifications of the lead plaintiff/class representative. One distinction, however, is that the motion for appointment of lead plaintiff may not be challenged by defendants. Only another "member of the purported class" may oppose the application to be appointed lead plaintiff. Section 21D(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D.Mass. 1996) (the text of § 21D "clearly indicates that this issue [of appointment of lead plaintiff] is one over which only potential plaintiffs may be heard"). Moreover, the court's inquiry in ruling on a motion for lead plaintiff is limited to the requirements of Section 21D and is a separate inquiry from class certification. As the court noted in *Greebel*, "[t]hough neither the text of the PSLRA nor its legislative history explicitly describe the relationship between motions for lead plaintiff and motions for class certification, it seems clear that Congress recognized that these motions involved distinct inquiries. Section 21D(a)(3)(B) refers throughout its text to 'purported class members.' Congress implicitly understood, therefore, that lead plaintiff motions would be decided prior to consideration of certification issues." *Ibid.*

[3] All paragraph references are to the *Tharp* Complaint filed on November 26, 2008.

[4] NCC never submitted a complete application for TARP funds to the United States Government.

consideration agreed to by the directors constituted a 19% discount from NCC's stock on the date NCC announced the deal. ¶ 1.

This lawsuit, filed two days after the Proxy was released, is a class action seeking to remedy damages that NCC, PNC, and the Individual Defendants caused to the holders of NCC common stock (the "Class") by breaching the federal securities laws. *Id*. This class action asserts causes of action over which this Court has exclusive federal jurisdiction. Specifically, the first cause of action is against all Defendants for a violation of Section 14(a) of the Exchange Act; the second cause of action is against all Individual Defendants for control person liability under Section 20(a) of the Exchange Act; and the third cause of action is for Breach of Fiduciary Duty against all Defendants. ¶¶ 98-128. The complaint sought to enjoin or rescind the merger, or, in the alternative, sought damages for the Class. However, the merger was approved on December 23, 2008, and the deal closed on December 31, 2008. Plaintiffs still seek to rescind the merger, or, in the alternative, obtain damages on behalf of the Class for claims over which this Court has exclusive jurisdiction.

### III. PROCEDURAL BACKGROUND

This action, *Tharp v. National City Corp et al.*, Case No. 1:08-cv-02794, was filed on November 26, 2008. Pursuant to § 21D(a)(3), the Tharp Plaintiffs caused a notice of pendency of this action (the "Notice") to be published and disseminated over the Business Wire on November 26, 2008.[5] The Notice advised all NCC shareholders of: 1) the pendency of this action; 2) the claims asserted in the *Tharp* Complaint; 3) the purported Class; and 4) the fact that, no later than sixty (60) days from November 26, 2008 (the date the first Notice was published), any member of the purported Class may move this Court to serve as lead plaintiff. On

---

[5] *See* Declaration of William J. Lucas ("Lucas Decl."), Ex. "C."

December 2, 2008, this action was transferred to the Multidistrict Litigation Panel before the Northern District of Ohio, MDL No. 2003.

## IV. THE THARP GROUP IS THE MOST ADEQUATE PLAINTIFF UNDER § 21D OF THE EXCHANGE ACT AND SHOULD THEREFORE BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B)(iii) of the Securities Exchange Act establishes a rebuttable presumption that the "most adequate plaintiff" for purposes of appointment as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. 298, 302 (S.D. Ohio 2005); *In re Telxon Corp Sec. Litig.,* 67 F. Supp. 2d 803, 816-817 (N.D. Ohio 1999).

The Tharp Group meets all three of these criteria. Thus, it should be appointed as Lead Plaintiff for the Class Action.

### A. The Tharp Group Timely Makes This Motion Within 60 Days Of Publication Of Notice

The Plaintiffs James and Caroline Tharp published the Notice of Pendency of this Class Action on November 26, 2008. The Tharp Group brings this Motion pursuant to 15 U.S.C. § 78u-4 (a)(3)(A)(i) within 60 days of such publication.

### B. The Tharp Group Has the Largest Financial Interest in the Relief Sought

"The PSLRA does not provide any guidance concerning the method of calculating which plaintiff has the largest financial interest." *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 U.S. Dist. LEXIS 27043 at *16 (N.D. Ohio 2004) (internal citations omitted). Oftentimes, courts will calculate financial interest employing a four-factor test used by a host of other district

courts. *See, e.g., In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Cable & Wireless, PLC, Sec. Litig.*, 217 F.R.D. 372, 375 n. 4 (E.D. Va. 2003); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945 (N.D. Ill. 2001); *In re Goodyear Tire & Rubber Co. Sec. Litig.*, 2004 U.S. Dist. LEXIS 27043 at * 16. These factors are: (1) the number of shares of the subject securities purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those securities; and (4) the approximate losses suffered by the movant. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

The Tharp Group's financial interest is reflected in the fact that it held a total of 324,004 shares of stock which were purchased or otherwise obtained at various points in NCC's history. *See* The Tharp Group's Holdings Sheet, Ex. "B" to Lucas Decl. To the best of Movant's knowledge, The Tharp Group has the largest financial interest in the relief sought by the Class, and should, therefore, be appointed Lead Plaintiff in this matter. *See* Section 21D(D)(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 295; *In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. 302.

  **C. The Tharp Group Otherwise Satisfies the Requirements of Rule 23**

Section 21D(a)(3)(B)(iii)(cc) of the Exchange Act further provides that the lead plaintiff or plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. § 23(a).

As alleged by Plaintiffs in this action, "[t]he Class is so numerous that joinder of all members is impracticable" and throughout the Class Period, NCC common stock was actively traded on the New York Stock Exchange. Complaint, ¶ 41. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. ¶ 42. Further, as alleged, all members of the Class sustained damages as a result of Defendants' wrongful conduct. ¶¶ 39, 112, 115, 127. The Tharp Group's damages are typical of the claims of the members of the Class, and as Lead Plaintiff, The Tharp Group will fairly and adequately protect the interests of the members of the Class. Additionally, Movant has retained counsel competent and experienced in class action securities litigation. *See* Lucas Decl., Exs. "D" and "E." There will be no difficulty in the management of this class action. ¶ 45.

These allegations, which must be accepted as true for the purposes of this Motion,[6] satisfy The Tharp Group's burden of a *prima facie* showing that the Rule 23 requirements are met. *See* F.R.C.P. 23(a). At the lead plaintiff stage, a movant only needs to address a *prima facie* showing as to two of the four class representative requirements: typicality and adequacy. *See In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. at 304; s*ee also In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189, 191 (E.D. Pa. 2001).

    i.    **Adequacy of Representation**

Movant will more than adequately represent the interests of the Class. The adequacy requirement is met when a plaintiff's interests are not antagonistic to the interests of the members of the proposed class, and plaintiff's attorneys are qualified, experienced, and generally

---

[6] For purposes of class certification, the allegations of the complaint must be accepted as true. *See, e.g.*, *In re Ramtek Sec. Litig., Fed.Sec.L.Rep.* (CCH) ¶ 95,814 (N.D.Cal. 1991) (citing *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976)). Presumably, this same rule applies to motions for lead plaintiff, which are to be determined at the pleading stage and prior to class certification.

able to conduct the litigation. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004).

The Tharp Group has no apparent fundamental conflicts with other Class members, and has suffered in the same manner as other Class members. Furthermore, The Tharp Group has already demonstrated its willingness to accept its duties as a Class representative, to serve as an advocate on behalf of the Class, and to prosecute this action. Each member of The Tharp Group stated in his or her certification, pursuant to Section 21D(a)(2), that he or she is willing to serve as representative party on behalf of the Class set forth in the Complaint, including providing testimony at deposition and trial. *See* The Tharp Group Certifications, attached as Ex. "A" to Lucas Decl.

In addition, The Tharp Group has retained highly competent and experienced counsel in this action. As demonstrated more thoroughly below in Section V, Johnson Bottini, LLP is highly experienced in securities class action litigation.

### ii. Typicality

The Tharp Group satisfies the typicality requirement because all of its members purchased NCC shares prior to the merger and are now damaged by the flawed merger process – just like every other putative Class member. The typicality requirement of Rule 23(a)(3) is satisfied if a plaintiff's claim arises from the same event, practice, or course of conduct that is the basis for other class members' claims. *In re American Medical Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Movant's claims are the same claims as other members of the Class because, just like all other Class members, The Tharp Group purchased NCC stock, owned stock at the time the merger was completed, and has been damaged by the unfair merger of NCC into PNC, *i.e.*, that Defendants violated the Federal Securities Laws and breached their fiduciary duties

owed to the Class. The legal issues common to the Class, which predominate over any questions that may affect individual Class members, include the following:

1. Whether Defendants violated §§ 14(a) and 20(a) of the 1934 Act and SEC Rule 14a-9 by filing a materially misleading Proxy Statement, claims over which this Court has exclusive jurisdiction;

2. Whether Defendants have engaged and are continuing to engage in a plan and scheme to benefit themselves at the expense of the members of the Class;

3. Whether Defendants have fulfilled their fiduciary duties to Plaintiffs and the other members of the Class, including their duties of loyalty, due care, and candor, which include, in this instance, the duty to maximize shareholder value;

4. Whether Defendants engaged in self-dealing in connection with the merger;

5. Whether Defendants have unjustly enriched themselves and other insiders or affiliates of NCC;

6. Whether the merger was entirely fair to the members of the Class; and

7. Whether Defendants have disclosed all material facts in connection with the true value of NCC and the challenged transaction.

Because The Tharp Group's claims are typical to the claims of the class, The Tharp Group satisfies the typicality requirement.

### D. The Presumption In Favor Of The Tharp Group Has Not Been Rebutted

The presumption in favor of appointing The Tharp Group as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

Section 21D(a)(3)(B)(iii)(II); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

There has been no showing by any other purported lead plaintiff that The Tharp Group will not adequately protect the interests of the Class or that it is subject to unique defenses that

render it incapable of representing the Class. The Tharp Group is capable of working adequately in the capacity of lead plaintiff because there is no evidence of antagonism between James and Caroline Tharp and Thomas O'Rourke. *Am. Med. Sys., Inc.*, 75 F.3d at 1083. Therefore, The Tharp Group should be appointed Lead Plaintiff in this matter.

## V. THE COURT SHOULD APPROVE THE THARP GROUP'S CHOICE OF LEAD COUNSEL

Section 21D(a)(3)(B)(v) provides that "the most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cardinal Health, Inc., Sec. Litig.*, 226 F.R.D. at 306; *In re Cendant Corp Litig.*, 264 F.3d 201, 276 (3d Cir. 2001); *In re Telxon Corp.*, 67 F. Supp. 2d 803, 824 (N.D. Ohio 1999). The Tharp Group has selected and retained Johnson Bottini, LLP to represent the Class as Lead Counsel and Lucas as Liaison Counsel. As reflected in the firms' qualifications, both Johnson Bottini, LLP and Lucas are more than capable of leading this litigation and acting in the best interest of the class.[7]

The Tharp Group's chosen counsel, Johnson Bottini, LLP, is highly experienced in prosecuting complex securities cases.

Prior to forming his own firm, Mr. Bottini was a partner at Wolf Haldenstein Adler Freeman & Herz LLP, where he practiced securities litigation, derivative litigation, and antitrust law for 13 years. Recently, he was one of the co-lead counsel which recovered over $325 million for the class in an antitrust class action case. *See In re DRAM Antitrust Litigation*, Case No. MDL 1486 (N.D. Cal.), Master File No. M-02-1486-PJH, 2006 U.S. Dist. LEXIS 39841 (June 5, 2006 order granting motion for class certification). There, Mr. Bottini was a member of the trial team. The last two of several settlements with eight separate defendants

---

[7] A true and correct copy of the firm profile of Johnson Bottini and the CurriculumVitae of William J. Lucas are attached to the Lucas Decl. as Exhibits "D" and "E."

were reached in March 2007, just one month prior to the start of trial.  The total settlements of $325,997,000 were approved by Judge Hamilton on May 16, 2007.

Prior to forming Johnson Bottini, LLP, Mr. Johnson was a partner at Sheppard Mullin Richter & Hampton LLP, one of the preeminent firms in the United States.  While at Sheppard Mullin, Mr. Johnson represented (and continues to represent) corporations in a wide variety of litigation matters, including securities litigation.

Johnson Bottini also acted as co-lead counsel in *In re Brocade Systems Communications, Inc. Derivative Litigation* (Santa Clara, Calif. Sup. Ct. Case No. 1:05cv041683) and lead counsel in *Barbour v. Reyes* (Northern District of California, Case No. 3:2008cv02029).  Johnson Bottini's representation led Brocade to form a Special Litigation Committee ("SLC").  Brocade's SLC recognized the quality of Johnson Bottini, LLP's representation by hiring Johnson Bottini, LLP as co-counsel, along with Dewey & LeBoeuf LLP, to prosecute claims against several current and former officers and directors of Brocade.

## VI.  CONCLUSION

For the reasons stated above, The Tharp Group respectfully requests that the Court appoint The Tharp Group as Lead Plaintiff and approve its selection of Johnson Bottini, LLP as lead counsel, and Lucas as Liaison Counsel, for this matter.

Respectfully submitted,

DATED:  January 26, 2009  */s/William J. Lucas*

WILLIAM J. LUCAS (0008268)

1360 West 9th Street, #200
Cleveland, OH  44113
Telephone:  (216) 771-8340
Facsimile:   (216) 522-9007
Email:  lucaslpa@hotmail.com

        JOHNSON BOTTINI, LLP
        FRANK J. JOHNSON
        655 West Broadway, Suite 1400
        San Diego, CA  92101
        Telephone:  (619) 230-0063
        Facsimile:   (619) 233-5535

*Attorneys for Movant The Tharp Group*

## CERTIFICATE OF SERVICE

    I hereby certify that THE THARP GROUP'S NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL, the DECLARATION OF WILLIAM J. LUCAS, and the [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF was filed electronically with the U.S. District Court, Northern District of Ohio on January 26, 2009. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court system.

                                                                                       s/William J. Lucas
                                                                                       William J. Lucas